UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 09-50029 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S MOTION FOR |
| | ) | SEVERANCE |
| BEN STOCKMAN, | ) | |
| Defendant. | ) | |

## INTRODUCTION

Defendant Ben Stockman moved this court to sever the trial of his charges from that of his co-defendant and to sever the trial of the three charges he is facing in the indictment. See Docket No. 24. The government resists the motion. This motion was referred for decision to this magistrate judge by the Chief District Court Judge, the Honorable Karen E. Schreier pursuant to 28 U.S.C. § 636(b)(1)(A).

## FACTS

Mr. Stockman is charged in the indictment filed with the court on May 19, 2009, with the crimes of conspiracy to distribute cocaine (Count I), possession of cocaine with the intent to distribute (Count II), and distribution of cocaine (Count III). See Docket No. 1. The cocaine conspiracy count is alleged to have been joined in by Mr. Stockman and his co-defendant

Joe Bradley, as well as other unnamed co-conspirators. The conspiracy is alleged to have taken place in the District of South Dakota and elsewhere.

The time frames alleged in the indictment are from October, 2005, through May 19, 2009, the date of the indictment, for the conspiracy count. The distribution count as well as the possession with intent to distribute count are alleged to have taken place in August, 2008, in Rapid City, South Dakota.

Mr. Stockman filed his motion for severance, seeking a separate trial from Joe Bradley, and seeking separate trials on each of the three charges he is facing. See Docket No. 24. The government filed a written response in resistance to Mr. Stockman's motion. See Docket No. 33.

## DISCUSSION

**A.  Severance of the Trial of Co-Defendants is Not Warranted**

Federal Rule of Criminal Procedure 8(b) provides as follows:

> **Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

See Fed. R. Crim. P. 8(b). The court has no discretion to deny severance of defendants who are not properly joined under Rule 8(b). See United States v. Bledsoe, 674 F.2d 647, 654 (8th Cir.), cert. denied sub nom, 459 U.S. 1040 (1982). Misjoinder of defendants under Rule 8(b) is inherently prejudicial. Id. (citing United States v. Sanders, 563 F.2d 379, 382 (8th Cir. 1977), cert. denied,

2

434 U.S. 1020 (1978); Haggard v. United States, 369 F.2d 968, 972-973 (8th Cir. 1966), cert. denied, 386 U.S. 1023 (1967); United States v. Marionneaux, 514 F.2d 1244, 1248 (5th Cir. 1975); 8 Moore's Federal Practice ¶ 8.04(2), at 14 (2d ed. 1981)). The propriety of joinder under Rule 8(b) must appear on the face of the indictment. Bledsoe, 674 F.2d at 655; Sanders, 563 F.2d at 382. The prerequisites for joinder of defendants under Rule 8(b) are to be liberally construed in favor of the defendant. Bledsoe, 674 F.2d at 655.

Importantly, Mr. Stockman does not take issue with the propriety of joinder of he and Mr. Bradley under Rule 8(b). Therefore, the court presumes that Mr. Stockman and Mr. Bradley are properly joined under Rule 8(b).[1] Instead, Mr. Stockman's sole authority in support of his argument for severance of the trial of the defendants in this case is Fed. R. Crim. P. 14.

---

[1] The propriety of joinder of these defendants under Rule 8(b) seems beyond question. "Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." Bledsoe, 674 F.2d at 656. "In order to be part of the 'same series of acts or transactions,' acts must be part of one overall scheme about which all joined defendants knew and in which they all participated." Id. (citing United States v. McKuin, 434 F.2d 391, 395-396 (8th Cir. 1970), cert. denied, 401 U.S. 911 (1971)). "Although a conspiracy count is not always essential for joinder of counts which do not all include every joined defendant, in the absence of such an allegation, other facts must be alleged which at least suggest the existence of an overall scheme encompassing all the defendants and all the charged offenses." Bledsoe, 674 F.2d at 656-657.

Once it is determined that defendants are properly joined under Rule 8(b), "[t]he presumption against severing properly joined cases is strong." United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005). "Under Fed. R. Crim. P. 14(a), the issue of severance is entrusted to the sound discretion of the trial judge." United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006) (internal quotation omitted).

Even if joinder of two or more defendants is proper under Rule 8(b), the court may sever the defendants' trials under Fed. R. Crim. P. 14 if joinder of the defendants appears to prejudice a defendant or the government. United States v. Davis, 534 F.3d 903, 916 (8th Cir. 2008). The fact that a defendant is alleged to have played a small role in the overall scheme or conspiracy is not dispositive of whether severance should be granted. United States v. Anthony, 565 F.2d 533, 538 (8th Cir. 1977).

A defendant who seeks severance under Rule 14 must show "real prejudice." Davis, 534 F.3d at 916. "Real prejudice" consists in showing (1) that the moving defendant's defense "is irreconcilable with that of his co-defendant or (2) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." Id. at 916-917 (quoting United States v. Mickelson, 378 F.3d 810, 817-818 (8th Cir. 2004)).

"Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others, . . ." Mickelson, 378

4

F.3d at 818. "Nor is it enough for a defendant to claim, . . . that he needed a separate trial in order to call a co-defendant as a witness. He must show that it is likely his co-defendant actually would have testified and that this testimony would have been exculpatory." Id. (citing United States v. Delpit, 94 F.3d 1134, 1143-1144 (8th Cir. 1996)). "Generally, the risk that a joint trial will prejudice one or more of the defendants 'is best cured by careful and thorough jury instructions.'" Davis, 534 F.3d at 916-917 (quoting Mickelson, 378 F.3d at 818; and citing Zafiro, 506 U.S. at 537).

In United States v. Jones, 880 F.2d 55 (8th Cir. 1989), the Eighth Circuit decided the propriety of a joint trial of multiple defendants who were all charged with participating in the same drug distribution conspiracy. Id. at 62. The court, citing the proposition that co-conspirators should in the usual case be tried together, held that no error had occurred. Id. at 62-64. Specifically, the court found that joinder under Rule 8(b) was proper, and that defendants had not successfully shown that any real prejudice occurred due to being tried together. Id.

Here, Mr. Stockman does not even articulate any prejudice likely to occur as a result of a joint trial.[2] Thus, the court finds that he has failed to carry his

---

[2]Mr. Stockman suggests that there may be out-of-court statements made by Mr. Bradley that may be admitted at trial that may violate Stockman's confrontation rights under the Sixth Amendment and Bruton v. United States, 391 U.S. 123 (1968). This argument is grounded in speculation as Mr. Stockman identifies no such out-of-court statements by Bradley. The

5

"heavy burden" of demonstrating that severance is necessary under Rule 14 because he cannot otherwise obtain a fair trial. United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996). Accordingly, Mr. Stockman's motion to sever his trial from that of his co-defendant Joe Bradley is denied.

**B.  Severance of the Three Charges Against Mr. Stockman is Not Warranted**

Mr. Stockman also seeks a severance of the trials of Counts I, II, and III, against him. While Rule 8(b) applies to determine the propriety of joinder of defendants, Rule 8(a) applies to determine the propriety of the joint trial of several charges. Rule 8(a) provides "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged–whether felonies or misdemeanors or both–are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008) (quoting Fed. R. Crim. P. 8(a)). Rule 8(a) "is broadly construed in favor of joinder to promote the efficient administration of justice." Id. at 902-903 (citing United States v. Little Dog, 398 F.3d 1032, 1037 (8th Cir. 2005); United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002)).

" ' "Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another

---

court denies this argument as moot. Mr. Stockman may renew the motion if and when a concrete Bruton issue can be identified.

crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." Taken Alive, 513 F.3d at 903 (quoting United States v. Rodgers, 732 F.2d 625, 630 (8th Cir. 1984) (quoting United States v. Dennis, 625 F.2d 782, 802 (8th Cir. 1980)).

In the Taken Alive case, the defendant was accused of committing one assault on February 9, and a second assault that resulted in the death of the victim on March 9. Id. at 901-902. Both assaults occurred after the defendant and the victims had been drinking alcohol heavily. Id. Both assaults were carried out in similar fashion. Id. On appeal, the Eighth Circuit affirmed the district court's decision to try Taken Alive on both assaults in the same trial. Id. at 902-904. Relying on Fed. R. Evid. 404(b), the court reasoned that "the evidence of one assault would be admissible in the separate trial of the other assault if admitted to prove something other than character." Id. at 903. Thus, even in separate trials, each jury would inevitably know about the other assault. Id. Under such circumstances, there was no prejudice in trying the two charges together. Id.

Here, the court likewise reaches the same conclusion. Counts II and III are predicate acts for the conspiracy charged in Count I. Thus, a trial of Count I would almost certainly involve introduction of the evidence as to Counts II and III. A separate trial of Count II or III would involve the introduction of Stockman's participation in the conspiracy charged in Count I, under Rule

7

404(b) if not under other theories of admissibility. The acts charged in all three counts are of the same or similar character. Thus, the court concludes that they should be tried together.

## C. Mr. Stockman Has Not Provided Legal Authority in Support of His Multiplicity Argument

Mr. Stockman's brief in support of his motion to sever contains the bare allegation that Counts II and III are mulitiplicitous. See Docket No. 25, at page 2. He does not favor the court with any citation to any legal authority in support of this argument. Accordingly, the court denies the motion based on this argument for failure to support the argument with citation to law. See Docket No. 13, at ¶ 2 (Court's Standing Order, providing that "[n]o motions shall be entertained unless they are accompanied by a reasoned memorandum setting forth the precise issues to be considered by the court, together with an explanation of the relevant law to the particular facts of the case. The filing of "boilerplate" motions or memoranda will not satisfy this requirement.").

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that Ben Stockman's motion for severance [Docket No. 24] is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly

erroneous or contrary to law.  The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  See Fed. R. Crim. P. 58(g)(2). Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require review by the district court.

Dated July 28, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE