UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| UNITED STATES OF AMERICA | ) | CR. 09-50029-KES-01 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S MOTION |
| | ) | TO DISMISS |
| BEN STOCKMAN and | ) | COUNTS I, II, AND III. |
| JOE BRADLEY, | ) | |
| | ) | |
| Defendants. | ) | |

The indictment charges defendant Ben Stockman with one count of conspiracy to distribute a controlled substance, one count of possession with intent to distribute a controlled substance, and one count of distribution of a controlled substance. Docket 1. Stockman moves to dismiss all three counts of the indictment on numerous grounds. Docket 22. The government resists the motion. Docket 35. After carefully considering the parties' briefs and the relevant statutory and case law, the court denies Stockman's motion.

I. **Count I**

Stockman moves to dismiss the first charge in the indictment on eight separate grounds: (A) failure to state a crime, (B) duplicitous charging, (C) violation of Wharton's Rule, (D) prejudicial surplusage, (E) vagueness, (F) unknown quantities, (G) venue and jurisdiction, and (H) pre-indictment delay. The court finds that neither individually nor collectively do these arguments provide a basis for dismissal.

### A. Failure to State a Crime

Stockman first argues that the case should be dismissed because the indictment is insufficient. It alleges defendants "did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown," while the statute they are being charged under, 28 U.S.C. § 846, uses only the word "conspires" to describe the alleged act. An indictment is sufficient where it "fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to future prosecution." United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir. 1988). As long as these criteria are met, it does not matter whether the indictment uses "a particular word or phrase" from the statute. United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001). An indictment is insufficient "only if an 'essential element "of substance" is omitted.' " Id. (quoting Mallen, 843 F.2d at 1102).

In White the Eighth Circuit Court of Appeals held that the phrase " 'combined, conspired, confederated, and agreed' adequately set forth the charge of conspiracy . . . ." Id. There, the indictment's sufficiency was not raised before the trial, so a standard of review more deferential to the government than the one in the instant case was applied. This court now finds that the phrase also meets the stricter standard. No essential element of the crime is missing, and the language provides sufficient notice for Stockman "to prepare his defense

and to plead double jeopardy to any future prosecution." Mallen, 843 F.2d at 1103. Therefore, the first count of the indictment sufficiently states a crime.

B.  **Duplicitous Charging**

Stockman next argues that the first count of the indictment should be dismissed as duplicitous because it charges in one count both the crime of distribution and that of possession with intent to distribute. Duplicitous charging must be avoided because a verdict of guilty on a single count will not reveal whether the jury found the defendant guilty of both crimes or only one of the two. But, in the instant case, both crimes are violations of 21 U.S.C. § 841(a)(1), and "[w]here the statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction." Gerberding v. United States, 471 F.2d 55, 59 (8th Cir. 1973). Because the charged offense of conspiracy to violate § 841(a) can be accomplished through either the act of distribution or possession with intent to distribute, the court finds that the count is not duplicitous.

C.  **Violation of Wharton's Rule**

Stockman next argues that the first count of the indictment should be dismissed because it violates Wharton's Rule. Wharton's Rule "operates as a narrow exception to the general principle that a conspiracy and its underlying offense do not merge" and applies only "when there is a 'general congruence of the [conspiracy] agreement and the completed substantive offense.'" United

3

States v. Hines, 541 F.3d 833, 838 (8th Cir. 2008) (quoting Iannelli v. United States, 420 U.S. 770, 781-82 (1975)). The clearest indicator that this congruence exists is when the number of people involved in the agreement is equal to the number of people necessary to commit the crime. See United States v. Jones, 801 F.2d 304, 311 (8th Cir. 1986) (quoting Anderson, Wharton's Criminal Law and Procedure § 89 p. 191 (1957)).

The Eighth Circuit Court of Appeals has held that where the record indicates that more than two persons were involved in a conspiracy to distribute drugs, Wharton's Rule does not apply. Jones, 801 F.2d at 311. Moreover, the court expressed skepticism that Wharton's Rule is applicable to 21 U.S.C. § 846 at all by quoting at length a Second Circuit Court of Appeals case that so held. Even if it does apply to drug conspiracies in the Eighth Circuit, Wharton's Rule would only apply to the instant case if the government only produces evidence that the co-defendants sold to each other and no evidence that they sold to anyone else. Further, because possession with intent to distribute does not require two participants for completion of the criminal act, that method of proving the conspiracy charge would not implicate Wharton's Rule. Accordingly, the court finds that the first count of the indictment does not violate Wharton's Rule.

### D. Prejudicial Surplusage

Stockman next argues that the first charge of the indictment should be dismissed because it contains language in excess of that found in the statute.

Specifically he takes issue with the phrases, "combine, . . . confederate and agree with . . . others," "a schedule II controlled substance," and "cocaine, its salts, optical and geometric isomers and salts of its isomers." Stockman cites United States v. Oakar, 111 F.3d 146 (D.C. Cir. 1997), as an example of the rule that language that is "immaterial, irrelevant, and apt to convey prejudicial and immaterial material to the jury" should be stricken from the indictment. (Def.'s Mem. in Supp. of First Mot. to Dismiss, Docket 23 at 4.) The Oakar court, however, noted that "[m]aterial that can fairly be described as 'surplus' may only be stricken if it is irrelevant and prejudicial," and reversed a district court's decision to strike language because the lower "court made no finding that the stricken allegations were either irrelevant or prejudicial." Oakar, 111 F.3d at 157.

Stockman has not indicated how any of the phrases in the indictment are irrelevant or prejudicial. In fact, although they were not considering the specific issue of prejudice, the Eighth Circuit Court of Appeals has held that the words "combined, conspired, confederated, and agreed" adequately set forth the charge of conspiracy. See White, 241 F.3d at 1021. The two phrases used to describe the unlawful substance around which the conspiracy is alleged to have been organized appear in Congress's definition at 21 U.S.C. § 812. Accordingly, the court finds that the language of count I of the indictment is not prejudicial surplusage.

5

### E. Vagueness

Stockman next argues that the first count of the indictment should be dismissed for being too vague. An indictment is sufficient where it "fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to future prosecution." Mallen, 843 F.2d at 1102. Here the first count of the indictment is specific enough to fulfill both criteria.

### F. Unknown Quantities

Stockman next argues that the first count of the indictment should be dismissed because it does not allege the quantity of unlawful substances involved in the charged conspiracy. He relies on Apprendi v. New Jersey, 530 U.S. 466 (2000), for the proposition that "[e]very fact, including quantities, that increases a penalty must be set forth in the indictment, submitted to the jury, and found beyond a reasonable doubt." (Mem. Mot. to Dismiss, 5.) Apprendi actually requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (emphasis added); see United States v. Carpenter, 487 F.3d 623, 625 (8th Cir. 2007) (holding that where the defendant was sentenced within the statutory maximum based on facts admitted in a plea agreement, Apprendi was not implicated). In the instant case, 21 U.S.C. § 841(b)(1)(C) contains the maximum penalty where a specific quantity of cocaine is not alleged. The quantity of cocaine involved will not increase the penalty beyond the statutory

maximum, so the court finds that the government is not required to allege a specific quantity of the drug.

### G.     Venue and Jurisdiction

Stockman next argues that the first count of the indictment should be dismissed because it improperly alleges venue and jurisdiction. The indictment alleges that the conspiracy was committed in South Dakota "and elsewhere," and Stockman argues that the latter phrase implicates crimes over which the court has no jurisdiction. But "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Accordingly, the court has jurisdiction over any crimes Stockman is alleged to have committed at least partially in the District of South Dakota.

### H.     Pre-Indictment Delay

Stockman next argues that the first count of the indictment should be dismissed for prejudice resulting from the government's delay in indictment. In order to obtain dismissal on this basis, Stockman must show that the government's delay in indicting him actually and substantially prejudiced the defense. See United States v. Sprouts, 282 F.3d 1037, 1041 (8th Cir. 2002); United States v. McDougal, 133 F.3d 1110, 1113 (8th Cir. 1998). "To prove actual prejudice the defendant must identify witnesses or documents lost during the period of delay, and not merely make speculative or conclusory claims of

possible prejudice caused by the passage of time." Sprouts, 282 F.3d at 1041 (citing United States v. Sturdy, 207 F.3d 448, 451-52 (8th Cir. 2000)). Stockman does not indicate any specific prejudice in his memorandum. The court finds that he has not met his burden of showing that pre-indictment delay violated his Fifth Amendment due process right.

## II.  Counts II and III

Stockman finally moves to dismiss counts II and III because they contain surplus language, because they do not name quantities of the illegal substance, and because they are multiplicitous. The phrases "Schedule II" and "its salts, optical and geometric isomers, or salts of its isomers" are both contained in a congressional statute defining the substance in question, and Stockman did not indicate how they prejudice his case. See 21 U.S.C. § 812. The government is not required to allege a quantity of illegal substances because there is a statutory maximum in the code for violations of 21 U.S.C. § 841(a)(1) where the amount of drugs is not alleged. See 21 U.S.C. § 841(b)(1)(C).

Neither are the counts multiplicitous, which would be an error in pleading that can subject defendants to multiple sentences for a single crime. The Eighth Circuit Court of Appeals has ruled that "a defendant can be *charged* with multiple *offenses* under" 21 U.S.C. § 841(a)(1). United States v. Mendoza, 902 F.2d 693, 696 (8th Cir. 1990) (citing United States v. Palafox, 764 F.2d 558 (9th Cir. 1985) (emphasis in original)). Whether separate criminal acts support cumulative sentencing is a question of fact. Mendoza, 902 F.2d at 698.

Accordingly, the counts will not be dismissed for surplus language, unnamed quantities, or multiplicity.

Based on the foregoing discussion, the court finds Stockman has not presented a valid argument for dismissing counts, I, II, or III of the indictment. Accordingly, it is hereby

ORDERED that Stockman's motion to dismiss counts I, II and III (Docket 22) is denied.

Dated August 20, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE