UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 09-50029 |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND |
| vs. | ) | RECOMMENDATION ON |
| | ) | DEFENDANT'S MOTION TO |
| BEN STOCKMAN, | ) | DISMISS |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Defendant Ben Stockman has moved to dismiss counts II and III of the indictment against him. See Docket No. 146. The government resists the motion. This motion was referred for a report and recommendation by this magistrate judge by the Chief District Court Judge, the Honorable Karen E. Schreier pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTS**

Mr. Stockman was charged in an initial indictment filed with the court on May 19, 2009, with the crimes of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)--(Count I); possession of cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)--(Count II) and distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)--(Count III). See Docket No. 1. The cocaine

conspiracy count was alleged to have been joined in by Mr. Stockman and his co-defendant Joe Bradley, as well as other unnamed co-conspirators. The conspiracy is alleged to have taken place in the District of South Dakota and elsewhere.

The time frames alleged in the original indictment were from October, 2005, through May 19, 2009, the date of the indictment, for the conspiracy count. The distribution count as well as the possession with intent to distribute count were alleged to have taken place in August, 2008, in Rapid City, South Dakota. Mr. Stockman previously filed a motion to dismiss all three counts in the original indictment, alleging various grounds, including the argument that counts II and III were multiplicitous. See Docket Nos. 22, 23. The district court denied this first motion to dismiss in its entirety. See Docket No. 62.

On September 22, 2009, a superseding indictment was filed against Mr. Stockman, co-defendant Joe Bradley, and a new co-defendant, Lindsey Potratz, also known as Nate Tchida. See Docket No. 100. As in the original indictment, Mr. Stockman was once again charged in the superseding indictment with conspiracy to distribute cocain for the same dates and locations, this time with Mr. Potratz as a named co-defendant along with Mr. Bradley and Mr. Stockman (count I); possession of cocaine with the intent to distribute in August, 2008, in Rapid City, South Dakota (count II); and

distribution of cocaine in Rapid City, South Dakota, in August, 2008 (count III). Thus, counts II and III of the superseding indictment asserted identical charges against Mr. Stockman as did the original indictment.

Finally, a second superseding indictment was filed against all three co-defendants on November 18, 2009. See Docket No. 135. Counts II and III of the second superseding indictment assert the same charges against Ben Stockman as did the original indictment. Compare Docket No. 1, with Docket No. 135. Mr. Stockman now moves to dismiss counts II and III of the second superseding indictment against him on the grounds that those charges are multiplicitous. See Docket Nos. 146, 147.

## DISCUSSION

The court notes initially that counts II and III of all three indictments filed in this case have remained the same against Mr. Stockman. Also, Mr. Stockman has already raised and lost the argument that counts II and III should be dismissed because they are multiplicitous. See Docket Nos. 22, 23, and 62. Therefore, under the law of the case, this issue has already been resolved against Mr. Stockman. Any further recourse should be had at the appellate level and his motion should be denied under the law of the case.

However, in order to provide a complete record, the court also recommends denying Mr. Stockman's motion on its merits as follows. A multiplicitous indictment is one that charges a single offense in multiple

counts. United States v. Webber, 255 F.3d 523, 527 (8th Cir. 2001). Multiple sentences for a single offense are constitutionally impermissible because the Double Jeopardy Clause of the Fifth Amendment bards multiple punishments for the same criminal offense by the same sovereign. United States v. Roy, 408 F.3d 484, 491 (8th Cir. 2005). "when the same statutory violation is charged twice, the question is whether Congress intended the facts underlying each count to make up a separate unit of prosecution." United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005) (citing Bell v. United States, 349 U.S. 81 (1955)).

Under the "unit of prosecution" test, the court must determine whether Congress intended to punish the acts charged as a course of conduct, or whether Congress sought to punish the individual acts separately. Chipps, 410 F.3d at 448. This determination must be made by looking at the statutory language, the legislative history, and the statutory scheme. Id. "When Congress fails to establish the unit of prosecution 'clearly and without ambiguity' we resolve doubt as to congressional intent in favor of lenity for the defendant." Id. (quoting Bell, 349 U.S. at 83-84).

Both count II and count III of the indictment allege violations of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). The substance for the charges alleged in counts II and III are contained in § 841(a)(1), which states in pertinent part as follows:

4

> (a) Unlawful acts
> Except as authorized under this subchapter, it shall be unlawful for any person knowingly or intentionally–
> 	(1) to . . . distribute, or . . . possess with intent to . . . distribute, . . . a controlled substance; . . .

See 21 U.S.C. § 841(a)(1).[1]  Cocaine is defined as a "controlled substance" for purposes of § 841(a)(1).  See 21 U.S.C. § 812.  Thus, the question is whether the government can permissibly charge Mr. Stockman with both distribution of cocaine and also with possession with intent to distribute cocaine without running afoul of the Double Jeopardy Clause.

The government asserts that the proper test is the Blockburger test and that, under that test, counts II and III are not multiplicitous.  The government's position enjoys currency with some circuit courts.  This precise issue was addressed by the First Circuit in United States v. Sepulveda, 102 F.3d 1313 (1st Cir. 1996).  The defendant argued that he could not be charged with distribution of a drug, and possession of that same drug, where both charges arose out of the same core facts.  Id. at 1316.  The First Circuit disagreed.  Id. at 1316-1317.  Citing Blockburger v. United States, 284 U.S. 299, 304 (1932), the court began with the proposition that "a defendant can be convicted of two differently defined offenses, based on the same core of facts, so long as each offense requires an element that the other does not."  Id. at 1316.

---

[1]Section 841(b)(1)(C), also referenced in counts II and III of the indictment refer to the penalties applicable for the violation of § 841(a)(1) alleged in the indictment.

Here, the court noted that "obviously," the distribution charge required proof of an element that the possession charge did not, namely that the defendant have transferred or distributed the drug to another person. Id. at 1316. The court also noted that the crime of distribution does not always require proof of facts which would show that the defendant ever "possessed" the drugs–as in the situation where the defendant participates in a drug transfer in the capacity of a broker or an armed guard and never possesses the drug himself. Id. at 1317 (citing United States v. Brunty, 701 F.2d 1375, 1381 & n.16 (11th Cir. 1983)). Therefore, although the crime of possession often occurs in conjunction with the crime of distribution, possession is not a necessary element of distribution. Id. (citing United States v. Tejada, 886 F.2d 483, 490 (1st Cir. 1989)).

The Eighth Circuit has agreed that possession is not a necessary element of distribution. See United States v. Osuna-Zepeda, 416 F.3d 838, 843 (8th cir. 2005) ("possession of the narcotic is not a necessary element of the crime of conspiracy to distribute."). However, the Eighth Circuit does not follow along with the First Circuit's legal conclusion deriving from that observation.

There is a split of authority among the circuits as to whether a defendant may be convicted of two crimes or one crime under § 841(a)(1) where the crimes of distribution and possession with intent to distribute involve only one quantity of drug. Compare Sepulveda, 102 F.3d at 1316-17, with United

6

States v. Meredith, 824 F.2d 1418, 1426 (4th Cir. 1987) ("when the narcotics involved in the possession and [in the] distribution offense are the same, and there is no showing of any break in the continuity from the acquisition of the narcotics to their distribution, there is only one crime: distribution."). The Eighth Circuit has sided with the Fourth and Ninth Circuits, among others, in holding that where two charges under § 841(a)(1) arise out of possession and distribution of a single quantity of drugs at the same time and same place, dual convictions cannot ensue. See United States v. Mendoza, 902 F.2d 693, 698-99 (8th Cir. 1990) (citing United States v. Palafox, 764 F.2d 558 (9th Cir. 1985)).

In Mendoza, the defendant was convicted of both possession of one kilogram of cocaine with the intent to distribute it, and also distribution of that same one kilogram of cocaine, arising out of a single transfer of the kilo to an undercover law enforcement officer. Id. at 694-95. Mendoza argued on appeal that it was error to convict him of two offenses arising out of the same act. Id. at 696. The Eighth Circuit held that, since § 841(a)(1) was intended to "cast its net as broadly as possible" by "criminaliz(ing) successive stages of a single undertaking," it was therefore permissible to *charge* Mendoza with both the possession and the distribution of the same kilo. Id. at 696-97.

Having been convicted of both charges, the Eighth Circuit then turned to the question whether it was permissible for Mendoza to stand *convicted* of both charges. Id. at 697-99. This question, the court said, turned on "whether the

7

[two] underlying offenses arise 'from a single criminal undertaking involving drugs, and each offense is committed at virtually the same time, in the same place, and with the same participants.' " Id. at 698 (quoting Palafox, 764 F.2d at 562). If the evidence shows that both the possession and the distribution charges stem from the transfer of a single quantity of drug on a single occasion, both convictions may not stand. Id. at 698-99. Dual convictions are permitted where two separate quantities of drug are involved on two separate occasions. Id. at 699. Even where a single quantity of drug is involved and a single transfer takes place, the two convictions may co-exist if the evidence shows that the defendant possessed the drug for a significant period of time before transferring it. Id. Alternatively, the two convictions may stand if the defendant possessed a larger quantity of drug and transferred only part of that quantity in the distribution demonstrated by the evidence. Id.

Mr. Stockman's current motion to dismiss counts II and III comes *prior* to trial. Therefore, his motion poses the question whether he may permissibly be *charged* with both possession and distribution under 21 U.S.C. § 841(a)(1). Clearly, under Mendoza, he may be so charged. Mendoza, 902 F.2d at 697-98. Therefore, this court recommends that Mr. Stockman's motion be denied at this point.

If the evidence introduced at the trial of this matter demonstrates that the charges contained in counts II and III of the indictment stem from separate

factual cores, then the convictions on both counts, if any, may also stand. Id. at 698-99. It should be noted that the government represents in its responsive brief on Mr. Stockman's motion to dismiss that the evidence at trial *will* show that counts II and III stem from different factual cores. See Docket No. 156, page 4. Furthermore, the Eighth Circuit has held that, even if an indictment has multiplicitous counts, the indictment "may be saved at the trial stage if the district court submits an appropriate instruction to the jury" telling the jurors that they must elect between the multiplicitous counts and cannot convict on both. See United States v. Roy, 408 F.3d 484, 491-92 (8th Cir. 2005).

If the evidence introduced at the trial of this matter demonstrates that the charges contained in counts II and III stem from a single possession and distribution of a single quantity of drug all at the same time and place, and the jury convicts Mr. Stockman of both charges, then Mr. Stockman may renew his motion to discharge one of the convictions post-trial. Mendoza, 902 F.2d at 698-99.

## CONCLUSION

This court respectfully recommends that Ben Stockman's second motion to dismiss [Docket No. 146] be denied in all respects.

## NOTICE OF RIGHT TO APPEAL

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1)(B),

unless an extension of time for good cause is obtained.  See Fed. R. Crim. P. 59(b); 28 U.S.C. § 636(b)(1)(B).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require *de novo* review by the district court.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated January 5, 2010.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE