UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 09-50029-01 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S SECOND |
| | ) | MOTION FOR SEVERANCE |
| BEN STOCKMAN, | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Defendant Ben Stockman moved this court to sever the three charges against him from those against his two co-defendants, and to sever the trial of the three charges he is facing in the indictment from the trial(s) of his two co-defendants. See Docket No. 144. The government resists the motion. See Docket No. 158. This motion was referred for decision to this magistrate judge by the Chief District Court Judge, the Honorable Karen E. Schreier pursuant to 28 U.S.C. § 636(b)(1)(A). See Docket No. 164.

**FACTS**

Mr. Stockman is charged in a second superseding indictment filed with the court on November 18, 2009, with the crimes of conspiracy to distribute cocaine (Count I), possession of cocaine with the intent to distribute (Count II),

and distribution of cocaine (Count III).[1]  See Docket No. 135.  The cocaine conspiracy count is alleged to have been joined in by Mr. Stockman and his two co-defendants, Joe Bradley and Lindsey Potratz, a/k/a Nate Tchida, as well as other unnamed co-conspirators.  The conspiracy is alleged to have taken place in the District of South Dakota and elsewhere.  Docket No. 135.

The time frames alleged in the indictment for the conspiracy count are from no later than October, 2005, through the date of the indictment.  The distribution count, as well as the possession with intent to distribute count, are alleged to have taken place in August, 2008, in Rapid City, South Dakota.  Mr. Stockman thereafter filed this motion for severance, seeking severance of Count I from Counts II and III, and seeking a separate trial from that of his co-defendants Joe Bradley and Lindsey Potratz.[2]  See Docket No. 144.  The government filed a written response in resistance to Mr. Stockman's motion.  See Docket No. 158.

---

[1]The court notes that Mr. Stockman's memorandum in support of his motion to sever lists Counts II and III as two separate counts of Possession with Intent to Distribute, and omits the charge of Distribution of a Controlled Substance, as Count III of the second superseding indictment recites.  See Docket No. 135.

[2]Mr. Stockman argues that Counts II and II should be dismissed, and accordingly has filed a separate second motion for dismissal of Counts II and II.  See Docket No. 146.  For purposes of this motion, the court will treat Counts I, II, and III as if no motion for dismissal is pending.

# DISCUSSION

## A.  Severance of the Offenses is Not Warranted

Federal Rule of Criminal Procedure 8(a) provides as follows:

> **Joinder of Offenses.**  The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged–whether felonies or misdemeanors or both–are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

See Fed. R. Crim. P. 8(a); United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008) (quoting Fed. R. Crim. P. 8(a)).  Rule 8(a) "is broadly construed in favor of joinder to promote the efficient administration of justice." Id. at 902-903 (citing United States v. Little Dog, 398 F.3d 1032, 1037 (8th Cir. 2005); United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002)).

" ' "Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." Taken Alive, 513 F.3d at 903 (quoting United States v. Rodgers, 732 F.2d 625, 630 (8th Cir. 1984) (quoting United States v. Dennis, 625 F.2d 782, 802 (8th Cir. 1980)).

In the Taken Alive case, the defendant was accused of committing one assault on February 9, and a second assault that resulted in the death of the victim on March 9. Id. at 901-02.  Both assaults occurred after the defendant and the victims had been drinking alcohol heavily. Id.  Both assaults were

carried out in similar fashion.  Id.  On appeal, the Eighth Circuit affirmed the district court's decision to try Taken Alive on both assaults in the same trial. Id. at 902-04.  Relying on Fed. R. Evid. 404(b), the court reasoned that "the evidence of one assault would be admissible in the separate trial of the other assault if admitted to prove something other than character."  Id. at 903. Thus, even in separate trials, each jury would inevitably know about the other assault.  Id.  Under such circumstances, there was no prejudice in trying the two charges together.  Id.

Here, the court reaches the same conclusion.  Mr. Stockman is charged in Counts II with cocaine possession with intent to distribute, and in Count III with distribution of cocaine.  Counts II and III are predicate acts for the conspiracy charged in Count I.  Thus, a trial of Count I would almost certainly involve introduction of the evidence as to Counts II and III.  A separate trial of Count II or III would involve the introduction of Stockman's participation in the conspiracy charged in Count I under Rule 404(b), if not under other theories of admissibility.  The acts charged in all three counts are of the same or similar character.  Thus, the court concludes that they should be tried together. Mr. Stockman's motion to sever Counts II and III from Count I is denied.

### B.     Severance of the Defendants is Not Warranted

While Rule 8(a) applies to determine the propriety of the joint trial of several charges, Rule 8(b) applies to determine the propriety of the joinder of

defendants. The court has no discretion to deny severance of defendants who are not properly joined under Rule 8(b). See United States v. Bledsoe, 674 F.2d 647, 654 (8th Cir.), cert. denied sub nom, 459 U.S. 1040 (1982). Misjoinder of defendants under Rule 8(b) is inherently prejudicial. Id. (citing United States v. Sanders, 563 F.2d 379, 382 (8th Cir. 1977), cert. denied, 434 U.S. 1020 (1978); Haggard v. United States, 369 F.2d 968, 972-973 (8th Cir. 1966), cert. denied, 386 U.S. 1023 (1967); United States v. Marionneaux, 514 F.2d 1244, 1248 (5th Cir. 1975); 8 Moore's Federal Practice ¶ 8.04(2), at 14 (2d ed. 1981)).

The propriety of joinder under Rule 8(b) must appear on the face of the indictment. Bledsoe, 674 F.2d at 655; Sanders, 563 F.2d at 382. The factual allegations in the indictment should be accepted as true, except where the facts alleged in the indictment show multiple conspiracies rather than a single conspiracy. United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984) (overruled on other grounds) (citing United States v. Zicree, 605 F.2d 1381, 1387 (5th Cir. 1979) (internal citations omitted)). The prerequisites for joinder of defendants under Rule 8(b) are to be liberally construed in favor of the defendant. Bledsoe, 674 F.2d at 655.

In this matter, the propriety of joinder of the defendants under Rule 8(b) seems beyond question. "Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with

each offense." Bledsoe, 674 F.2d at 656. "In order to be part of the 'same series of acts or transactions,' acts must be part of one overall scheme about which all joined defendants knew and in which they all participated." Id. (citing United States v. McKuin, 434 F.2d 391, 395-96 (8th Cir. 1970), cert. denied, 401 U.S. 911 (1971)). "Although a conspiracy count is not always essential for joinder of counts which do not all include every joined defendant, in the absence of such an allegation, other facts must be alleged which at least suggest the existence of an overall scheme encompassing all the defendants and all the charged offenses." Bledsoe, 674 F.2d at 656-57. The "same series of acts or transactions" language of Rule 8(b) requires some common activity, but there is no requirement that each defendant must have participated in each act or transaction within that series of events. United States v. Finn, 919 F.Supp. 1305, 1323 (8th Cir. 1995); United States v. Andrade, 788 F.2d 521, 529 (8th Cir. 1986), cert. denied, 479 U.S. 963, 107 S.Ct. 462, 93 L.Ed.2d 408 (1986).

Here, Mr. Stockman asserts there is no common thread, activity, or nexus tying the counts with which he alone is charged (Counts II and III) to the counts with which only his co-defendants are charged (Counts IV through IX). Docket No. 145, at 4-6. However, the face of the indictment reveals a basis for joinder. See Andrade, 788 F.2d at 529. Mr. Stockman is joined with co-defendants Bradley and Potratz in a single count of conspiracy. Docket No.

135, Count I.  In furtherance of the conspiracy, Mr. Stockman is charged with possession with intent to distribute cocaine and distribution of cocaine.  Id., Counts II-III.  In furtherance of the conspiracy, Mr. Bradley is charged with distribution of cocaine, and money laundering.  Id., Counts IV, VII.  In furtherance of the conspiracy, Mr. Potratz is charged with distribution of cocaine, and four counts of money laundering.  Id., Counts V, VI-IX.  These allegations are sufficient to support the charge that the defendants participated "in the same series of acts or transactions constituting an offense or offenses" so that joinder of the three co-defendants is proper.  Fed. R. Crim. P. 8(b); see also United States v. Houston, 892 F.2d 696 (8th Cir. 1989) (joinder proper where indictment charged all defendants with participation in a single conspiracy and also charged the defendants separately with various substantive counts arising from that conspiracy).

Mr. Stockman presents what the court presumes to be a factual impossibility defense, in that he was incarcerated between November 1999 and May 2006.  "Factual impossibility refers to those situations in which a circumstance or conditions, unknown to the defendant, renders physically impossible the consummation of his intended criminal conduct."  United States v. Collins, 340 F.3d 672, 682 (8th Cir. 2003).

Here, however, Mr. Stockman's periods of incarceration do not render his participation in the conspiracy, which began no later than October 2005,

"factually impossible." Mr. Stockman is charged with committing substantive acts in furtherance of the conspiracy in August, 2008. Mr. Stockman makes no argument (nor could he make such argument) that he was in state custody in August, 2008. See Docket No. 145-2. Messrs. Bradley and Potratz carried out their respective substantive acts in furtherance of the conspiracy at various other times in 2007 and 2008. The second superseding indictment's inclusion of months during which Mr. Stockman was incarcerated does not defeat the inclusion of months in which he was not incarcerated. See Collins, 340 F.3d at 682.

### C. Severance is Improper under Fed. R. Crim. P. 14

Even if joinder of two or more defendants is proper under Rule 8(b), the court may sever the defendants' trials under Fed. R. Crim. P. 14 if joinder of the defendants appears to prejudice a defendant or the government. United States v. Davis, 534 F.3d 903, 916 (8th Cir. 2008). The fact that a defendant is alleged to have played a small role in the overall scheme or conspiracy is not dispositive of whether severance should be granted. United States v. Anthony, 565 F.2d 533, 538 (8th Cir. 1977).

Once it is determined that defendants are properly joined under Rule 8(b), "[t]he presumption against severing properly joined cases is strong." United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005). "Under Fed. R. Crim. P. 14(a), the issue of severance is entrusted to the sound discretion of the trial

judge." United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006) (internal quotation omitted). A defendant who seeks severance under Rule 14 must show "real prejudice." Davis, 534 F.3d at 916. "Real prejudice" consists in showing (1) that the moving defendant's defense "is irreconcilable with that of his co-defendant or (2) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." Id. at 916-17 (quoting United States v. Mickelson, 378 F.3d 810, 817-18 (8th Cir. 2004)).

"Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others, . . . ." Mickelson, 378 F.3d at 818. "Nor is it enough for a defendant to claim, . . . that he needed a separate trial in order to call a co-defendant as a witness. He must show that it is likely his co-defendant actually would have testified and that this testimony would have been exculpatory." Id. (citing United States v. Delpit, 94 F.3d 1134, 1143-44 (8th Cir. 1996)). "Generally, the risk that a joint trial will prejudice one or more of the defendants 'is best cured by careful and thorough jury instructions.'" Davis, 534 F.3d at 916-17 (quoting Mickelson, 378 F.3d at 818; and citing Zafiro, 506 U.S. at 537).

In United States v. Jones, 880 F.2d 55 (8th Cir. 1989), the Eighth Circuit decided the propriety of a joint trial of multiple defendants who were all charged with participating in the same drug distribution conspiracy. Id. at 62. The court, citing the proposition that co-conspirators should in the usual case

be tried together, held that no error had occurred.  Id. at 62-64.  Specifically, the court found that joinder under Rule 8(b) was proper, and that defendants had not successfully shown that any real prejudice occurred due to being tried together.  Id.

Here, Mr. Stockman argues that the risk of undue prejudice is increased because evidence introduced at trial as to each individual incident taints the others.  Docket No. 145, at 7.  As stated previously, however, severance is not required where evidence admissible as to one defendant may damage another defendant.  See Mickelson, 378 F.3d at 818.  Next, Mr. Stockman speculates that a jury "may also improperly cumulate the evidence of various crimes" and improperly convict him where it would not convict if the charges were considered separately.  Id.  Mr. Stockman fails to address why careful limiting instructions would not enable the jury to compartmentalize the evidence as it relates to the separate defendants.  See Davis, 534 F.3d at 916-17.  Moerover, " 'a claim of potential prejudice is not enough to prevail on this issue.' " United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996) (quoting United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995)).

Finally, Mr. Stockman states that he may wish to assert his Fifth Amendment privilege not to testify as to one count, but may wish to testify as to the other charges, and so the presence of his co-defendants prejudices his Fifth Amendment right to remain silent.  Id.  However, Mr. Stockman fails to

make the required showing for severance on this ground. The Eighth Circuit has held that to sever co-defendants on grounds of the Fifth Amendment right to remain silent, the defendant must make a "persuasive and detailed showing regarding the testimony he would give on the one count he wishes severed and the reason he cannot testify on the other counts." Closs v. Leapley, 18 F.3d 574, 578 (8th Cir. 1994)(quoting United States v. Possick, 849 F.2d 332, 338 (8th Cir. 1988)).

For the foregoing reasons, the court finds that he has failed to carry his "heavy burden" of demonstrating that severance is necessary under Rule 14 because he cannot otherwise obtain a fair trial. Warfield, 97 F.3d at 1019. Accordingly, Mr. Stockman's motion to sever his trial from that of his co-defendants Joe Bradley and Lindsey Potratz, a/k/a Nate Tchida, is denied.

### D. Severance Under Bruton is not Warranted at this Time

Mr. Stockman states that although he is unaware whether the government has or intends to use a statement of one of his (non-testifying) co-defendants against him at trial, he reserves his right to move for severance on this ground pursuant to the Sixth Amendment and United States v. Bruton, 391 U.S. 123, 137 (1968) (holding that admission at joint trial of a statement given by a non-testifying co-defendant, which statement incriminates defendant, constitutes prejudicial error that cannot be cured with limiting jury instructions). This argument is grounded in speculation as Mr. Stockman

identifies no such out-of-court statements by co-defendants Bradley or Potratz. Accordingly, the court denies this argument as moot. Mr. Stockman may renew the motion if and when a concrete <u>Bruton</u> issue can be identified.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that Ben Stockman's second motion to sever charges and co-defendants [Docket No. 144] is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. <u>See</u> Fed. R. Crim. P. 58(g)(2). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require review by the district court.

Dated January 6, 2009.

                BY THE COURT:

                /s/ *Veronica L. Duffy*
                VERONICA L. DUFFY
                UNITED STATES MAGISTRATE JUDGE