UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. 09-50029-01-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ADOPTING MAGISTRATE |
| vs. | ) | JUDGE'S REPORT AND |
| | ) | RECOMMENDATION |
| BEN STOCKMAN, | ) | |
| | ) | |
| Defendant. | ) | |

The second superseding indictment charges defendant, Ben Stockman (Stockman), with one count of conspiracy to distribute a controlled substance (Count I), one count of possession with the intent to distribute a controlled substance (Count II), and one count of distribution of a controlled substance (Count III). Docket 135. Defendant moves to dismiss Counts II and III of the second superseding indictment against him. Docket 146.[1] The government resists the motion. Docket 156. The court referred the motion to Magistrate Judge Veronica Duffy pursuant to 28 U.S.C. § 636(b)(1)(B). Docket 164. On January 6, 2010, Magistrate Judge Duffy issued a report and recommendation recommending denial of Stockman's motion. Docket 165. Stockman now objects to the report and recommendation. Docket 186. The government has

---

[1] This is Stockman's second motion to dismiss counts of the indictment in this case. The court denied Stockman's motion to dismiss all of the charges in the indictment against him on August 20, 2009. Docket 62. The government filed the second superseding indictment on November 18, 2009. Docket 135. The charges against Stockman in the second superseding indictment are the same as the charges against him in the original indictment. Compare Docket 1 with Docket 135.

not filed any objections. After a de novo review of Magistrate Judge Duffy's report and recommendation, the court adopts the report and recommendation as supplemented herein.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), "when a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" United States v. Lothridge, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)); see also Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

## DISCUSSION

Stockman objects to Magistrate Judge Duffy's report and recommendation to the extent that the report and recommendation does not address his argument that Counts II and III are impermissibly vague, does not address his argument that the vagueness of Counts II and III expose him to an impermissible constructive amendment of the second superseding indictment, and finds that Counts II and III are not multiplicitous.

2

## I. Vagueness

Stockman argues that Counts II and III are impermissibly vague. The court construes Stockman's argument as a challenge to the sufficiency of the second superseding indictment. An indictment is sufficient where it "fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to future prosecution." United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir. 1988). An indictment is insufficient "only if an essential element of substance is omitted." United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001) (internal quotation omitted).

Here, Counts II and III of the second superseding indictment fairly inform Stockman of the charges against him and are sufficient to allow him to plead double jeopardy to bar future prosecution. Count II alleges,

> On or about August, 2008, at Rapid City, in the District of South Dakota, the defendant, Ben Stockman, did knowingly and intentionally posses, with the intent to distribute, cocaine, its salts, optical and geometric isomers and salts of its isomers, a Schedule II controlled substance, all in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

Docket 135. Count II includes all of the essential elements of a possession with the intent to distribute offense. See Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit (2009 ed.), § 6.21.841A.1 (long) (setting out elements of possession with intent to distribute offense). Count II also informs Stockman of the place and

3

approximate date of the alleged offense. Thus, the court finds that Count II is sufficient. Likewise, Count III alleges,

> On or about August, 2008, at Rapid City, in the District of South Dakota, the defendant, Ben Stockman, did knowingly and intentionally distribute cocaine, its salts, optical and geometric isomers and salts of its isomers, a Schedule II controlled substance, all in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

Docket 135. Count III includes all of the essential elements of distribution and informs Stockman of the place and approximate date of the alleged offense. See Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit (2009 ed.), § 6.21.841B (setting out elements of distribution offense). Count III is sufficient.

Stockman argues that Counts II and III are deficient because they are virtually indistinguishable and because there is no way he can know the day and place he is alleged to have committed the criminal acts. Stockman's argument that Counts II and III do not inform him of the place of the alleged offense is unavailing. As noted, Counts II and III inform Bradley that the offenses allegedly occurred in Rapid City, South Dakota. Stockman's argument that Counts II and III are insufficient because they do not inform him of the date the alleged offenses occurred is also unavailing. The second superseding indictment alleges that the offenses took place "[o]n or about August, 2008," giving Stockman an idea of when the alleged offenses took place. Moreover, "[t]ime is not a material element of a criminal offense unless made so by the

4

statute creating it." United States v. Hogan, 539 F.3d 916, 925 (8th Cir. 2008) (internal quotation omitted). The date of the offense is not a material element of a possession with the intent to distribute or a distribution charge under 21 U.S.C. § 841(a). See id. (rejecting argument that jury instruction failed to allege date with respect to charges under 21 U.S.C. § 841(a)). Thus, Counts II and III are not insufficient because they fail to allege the day, month, and year that the alleged offenses occurred.[2]  See White, 241 F.3d at 1021 (explaining that indictment is insufficient only if an essential element of substance is

---

[2] Some authority indicates that even though the exact date need not be alleged in the indictment, the defendant may be entitled to such information through a bill of particulars. See 1 Charles Alan Wright & Andrew D. Leipold, Federal Practice and Procedure: Criminal, § 125 at 566-68 (4th ed. 2008) ("Great generality in the date allegation is acceptable, though defendant may be entitled to a bill of particulars if the claim is too general to permit him to prepare his defense."). Stockman filed a motion for a bill of particulars seeking disclosure of, among other things, the date and location of the charged offenses. Docket 21. Magistrate Judge Duffy denied Stockman's motion, noting that Stockman had received 68 pages of documents consisting of law enforcement investigative reports, telephone records, affidavits, and a report of an interview with a confidential informant who provided information relating to the distribution and possession with the intent to distribute offenses alleged to have occurred in Rapid City in August 2008. Docket 55. Magistrate Judge Duffy found that this discovery provided Stockman with sufficient information to enable him to prepare his case for trial and to prevent double jeopardy. Stockman has not filed any objections to Magistrate Judge Duffy's order denying his motion for a bill of particulars. Thus, to the extent Stockman is entitled to more detailed information about the charges, this information has already been provided to him through discovery. See id. at § 130 (noting that a motion for a bill of particulars should not be granted if the desired information has been provided through pretrial discovery or in some other acceptable manner).

omitted). Stockman is not entitled to dismissal of Counts II and III on the ground that these counts are impermissibly vague.

## II.  Constructive Amendment

Stockman also argues that the vagueness of Counts II and III exposes him to an impermissible constructive amendment of the second superseding indictment at trial. "A constructive amendment occurs when the essential elements of the offense as charged in the indictment are altered in such a manner—often through the evidence presented at trial or the jury instructions—that the jury is allowed to convict the defendant of an offense different from or in addition to the offenses charged in the indictment." United States v. Whirlwind Soldier, 499 F.3d 862, 870 (8th Cir. 2007). "A constructive amendment of an indictment is a direct violation of a defendant's Fifth Amendment right to be charged by a grand jury and is reversible error per se." United States v. Harris, 344 F.3d 803, 804 (8th Cir. 2003) (per curiam).

Stockman's argument that the vagueness of Counts II and III may subject him to constructive amendment of the second superseding indictment at trial does not require dismissal of these counts. The ***potential*** for a constructive amendment at trial does not violate Stockman's constitutional rights. Rather, such a constitutional violation would occur only if the jury were allowed to convict him of an offense different from the offenses charged in Counts II and III. See Whirlwind Soldier, 499 F.3d at 870 (setting out when constructive amendment and constitutional violation occurs). Further, the

court has serious doubts that the lack of specificity in the dates alleged in Counts II and III could lead to a constructive amendment at trial. See United States v. Johnston, 353 F.3d 617, 624 (8th Cir. 2003) (finding no constructive amendment where jury heard evidence of illegal conduct before the time period alleged in the indictment); Harris, 344 F.3d at 804 (finding no constructive amendment where defendant was found guilty of possession of firearm alleged to have occurred on or about October 16 when factfinder found that the possession occurred on October 9); cf. United States v. Stuckey, 220 F.3d 976, 982 (8th Cir. 2000) ("When the date of the offense is not an element of the charge, we have held on many occasions that a variance between the indictment date and the proof at trial is not fatal so long as the acts charged were committed within the statute of limitations period, and prior to the return date of the indictment."). Stockman is not entitled to dismissal of Counts II and III on the ground that the vagueness of these counts exposes Stockman to an impermissible constructive amendment to the second superseding indictment.

**III.   Multiplicity**

Finally, Stockman argues that Counts II and III are multiplicitous. Magistrate Judge Duffy recommended that Stockman's motion to dismiss Counts II and III on this ground be denied because under United States v. Mendoza, 902 F.2d 693, 696 (8th Cir. 1990), a defendant may be charged with both possession with the intent to distribute and distribution under 21 U.S.C.

7

§ 841(a)(1). Stockman does not object to Magistrate Judge Duffy's reasoning, but rather asserts that despite the Eighth Circuit's contrary statement in United States v. Chipps, 410 F.3d 438 (8th Cir. 2005), the "fairer point at which to address multiple charges is prior to trial, not during the various stages of trial or following conviction." See Defendant Stockman's Objections to Report and Recommendations on Motion to Dismiss, Docket 186 at 2. This court considered and rejected Stockman's argument that Counts II and III as alleged in the original indictment—which are identical to Counts II and III as alleged in the second superseding indictment—should be dismissed as multiplicitous. See Docket 62 at 8-9. Although the court has already decided the multiplicity issue against Stockman, the court has conducted a de novo review of Magistrate Judge Duffy's report and recommendation regarding this issue and adopts it in full.

"An indictment is multiplicitous if it charges the same crime in two counts." United States v. Sandstrom, 594 F.3d 634, 651 (8th Cir. 2010) (quoting Chipps, 410 F.3d at 447). "A multiplicitous indictment is impermissible because the jury can convict the defendant on both counts, subjecting the defendant to two punishments for the same crime in violation of the double-jeopardy clause of the fifth amendment." Id. at 651-52 (internal quotation omitted). "Demonstrating that an indictment violates the double jeopardy clause requires the defendant to show that the two offenses charged

are in law and in fact the same offense." United States v. Two Elk, 536 F.3d 890, 898 (8th Cir. 2008) (internal quotation omitted).

Here, Stockman is charged with two counts of unlawful acts in violation of 21 U.S.C. § 841(a)(1). Section 841(a)(1) provides that "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). Specifically, Count II charges that Stockman possessed with the intent to distribute cocaine, and Count III alleges that Stockman distributed cocaine.[3] Stockman alleges that Counts II and III are multiplicitous because they allege multiple offenses under § 841(a)(1). But in Mendoza, the Eighth Circuit held that "a defendant can be *charged* with multiple *offenses* under [§ 841(a)(1)], [but] Congress did not intend for a defendant to be *cumulatively punished* for two or more offenses based on the *same act*." Mendoza, 902 F.2d at 696-97 (internal citation omitted, emphasis in original). Thus, Stockman can be charged with both possession with the intent to distribute and distribution under § 841(a)(1) without running afoul of his Fifth Amendment rights, and his motion to dismiss Counts II and III as multiplicitous must be denied. Stockman may, of

---

[3] Counts II and III allege that Stockman possessed cocaine with the intent to distribute and distributed cocaine, respectively, in violation of both 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). Section 841(b)(1)(C) is a penalty provision providing that possession of an unspecified amount of a Schedule II controlled substance subjects the defendant to certain penalties. Cocaine is a Schedule II controlled substance.

9

course, object to the imposition of multiple convictions or sentences based on the same act at the appropriate time.[4]

Stockman objects to Magistrate Judge Duffy's report and recommendation on the ground that multiplicitous charges should be addressed prior to trial because multiple charges can unfairly taint the jury's view against him. Stockman's argument is inconsistent with the law in this circuit. Under Eighth Circuit law, when any charges found in an indictment are multiplicitous, it is within the discretion of the trial court to fashion an appropriate remedy. United States v. Platter, 514 F.3d 782, 786 (8th Cir. 2008). The court may require the government to elect between the multiplicitous counts, as urged by Stockman, or issue an appropriate instruction to the jury. See United States v. Sue, 586 F.2d 70, 71 (8th Cir. 1978). Thus, even if the evidence at trial indicates that Counts II and III are based on the same act, the court may submit both counts to the jury with an instruction that each charge is to be considered separately. See Chipps, 410 F.3d at 449; see also United States v. Roy, 408 F.3d 484, 491-92 (8th Cir. 2005) (explaining the instruction that jury should not consider second

---

[4] The government argues that it can present evidence of two, separate offenses in time. The government's argument will become relevant if the jury finds Stockman guilty of both Count II and Count III. Then the court will have to determine whether these offenses "are based on the **same act** for which only one conviction is appropriate" because "a defendant cannot be punished for two offenses under § 841(a)(1) unless the violations arise out of two separate transactions." Mendoza, 902 F.2d at 698.

multiplicitous charge if it found defendant guilty of the first multiplicitous charge eliminated the risk that the defendant would be subject to multiple convictions for the same offense). The Eighth Circuit has found that such an instruction ensures that the defendant is not prejudiced by the psychological effect upon the jury of the suggestion that the defendant committed multiple crimes. See Chipps, 410 F.3d at 449 (finding that an instruction that each charge is to be considered separately "ensured that the jury's verdict on the valid counts was not influenced by the multiplicitous counts"). Stockman's argument that multiplicitous charges should be addressed prior to trial is unavailing. Because Magistrate Judge Duffy correctly stated and applied the law with respect to the multiplicity issue, the court adopts Magistrate Judge Duffy's recommendation that Stockman's motion to dismiss Counts II and III as multiplicitous be denied.

Based on the foregoing, it is hereby

ORDERED that the court adopts the Report and Recommendation on Defendant's Motion to Dismiss (Docket 165) as supplemented herein and, therefore, Stockman's motion to dismiss Counts II and III of the second superseding indictment (Docket 146) is denied.

Dated March 31, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE